IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**STEVE MORALES**                                                                                    **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO.:** 1:23cv205 TBM-RPM

**HANCOCK COUNTY SHERIFF'S DEPARTMENT;**
**HANCOCK COUNTY; DEPUTY SHERIFF COLIN LADNER (# H70)**
**IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; AND**
**OFFICERS/DEPUTIES JOHN DOES 1-3, ALL IN THEIR OFFICIAL**
**AND INDIVIDUAL CAPACITIES**                                        **DEFENDANTS**

---

## COMPLAINT
### (JURY TRIAL DEMANDED)

---

COMES NOW, Plaintiff, STEVE MORALES, by and through his attorney Benjamin U. Bowden of BEN BOWDEN, PC, and files this Complaint against Defendants, the Hancock County Sheriff's Department; Hancock County; Deputy Sheriff Colin Ladner (#H70) in His Official and Individual Capacity; and Officers/Deputies John Does 1-3, all in Their Official and Individual Capacities, and would show unto this Honorable Court as follows, to wit:

### PARTIES

1.      Plaintiff, Steve Morales, is an adult resident citizen of the State of Mississippi, residing in Diamondhead, Hancock County, Mississippi.

2.      Defendant, Hancock County Sheriff's Department, is a political subdivision

of the State of Mississippi, within Hancock County, Mississippi, and is the entity having ultimate authority, responsibility, and/or control of and for the oversight of and for its force of sworn police officers. As such, Hancock County is ultimately responsible for all local policies, procedures, practices, decisions, and customs employed by its law enforcement officials, supervisors, and officers, including also the ultimate responsibility for the proper hiring, training, and supervision of all sworn police officers acting under their authority and the color of law. That Defendant may be served with process by lawfully affecting same as authorized by law and the applicable rules of this Court, and to provide a copy of the Summons and Complaint to Sheriff Ricky Adam at 8450 Highway 90, Bay Saint Louis, Mississippi 39502 and serving a copy of Summons and Complaint to Scotty Adam, Board President of Board of Supervisors, 854 Highway 90 Suite A, Bay Saint Louis, Mississippi 39502.

3.      Defendant, Hancock County of State of Mississippi may be served with process by lawfully affecting same as authorized by law and the applicable rules of this Court, and serving Scotty Adam, Board President of Board of Supervisors, with a copy of the Summons and Complaint at 854 Highway 90 Suite A, Bay Saint Louis, Mississippi 39502.

4.      Deputy Sheriff Colin Ladner (#H70) was, at all times relevant, a deputy sheriff of the Hancock County Sheriff's Department, and was a full-time officer with the

Sheriff's Department when these events occurred. He may be served with process by lawfully affecting same where he may be found as authorized by law and the applicable rules of this Court and serving to provide a copy of Summons and Complaint to Deputy Sheriff Colin Ladner (#H70) at 8450 Highway 90, Bay Saint Louis, Mississippi 39502.

5.      Defendants, Officers/Deputies John Does 1-3, all in their official and individual capacities, are individuals or entities who are unknown, despite due diligence, but are believed to have participated in the injurious arrest of Plaintiff which may be responsible for the damages set forth in this Complaint suffered by Plaintiff, however, the specific acts of negligence are at this time unknown, and these allegations will be amended as this cause develops and such entities become known, and if identified may be served with process by lawfully affecting same where they may be found as authorized by law and the applicable rules of this Court.

## **<u>JURISDICTION</u>**

6.      This Honorable District Court has original jurisdiction under *28 U.S.C. § 1331* Federal Question for all civil actions arising under the Constitution of the United States and *28 U.S.C. § 1343* to redress deprivations, under color of state law, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or all persons within the jurisdiction of the United States and to recover damages or other relief under

any Act of Congress providing for the protection of civil rights. This is a Complaint brought against the Defendants, jointly and severally, for the intentional violation of liberties secured, protected, and guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and by the applicable Federal Statutes prohibiting such deprivations, more particularly, *42 U.S.C. § 1983* wherein your Plaintiff is seeking to obtain a judgment for all damages, including all allowable costs of this suit and an award of reasonable attorney's fees under *42 U.S.C. § 1988*, suffered and sustained by the Plaintiff, for the egregious acts committed against his under color and authority of law, resulting in his injurious deprivations and damages.

## VENUE

7.    The filing of Plaintiff's Complaint in the United States District Court for the Southern District of Mississippi is proper pursuant to *28 U.S.C. § 1391 (b)* as a substantial part or all of the events or omissions giving rise to the claim occurred in or about Hancock County, Mississippi, which is part of Plaintiff's Court's jurisdictional district and division.

## FACTS

8.    On or about October 12, 2022, the Plaintiff was walking alone on the side of a roadway (Diamondhead Drive, East) that at the time was devoid of any vehicular traffic, in a lawful manner and obeying all applicable laws, rules, and regulations of the United States, the State of Mississippi, Hancock County Mississippi, and Diamondhead,

Mississippi. The roadway in question has no area or sidewalk over which pedestrians can walk, therefore such pedestrians frequently walk safely on the edge of the road or on the grass just adjacent to the road. There is nothing unreasonable, suspicious, or out of the ordinary by the Plaintiff walking where he was walking. This is evidently true as the official Diamondhead website has this road listed as a "walking path." Pedestrians walking on the shoulder of the road in question in the same manner as the Plaintiff, is a common daily occurrence. However, Officer. C. Ladner decided to pull over and initiate a pedestrian stop upon Plaintiff upon false premises. After questioning by Officer Ladner, Plaintiff was arrested for public drunkenness.

9.     Plaintiff asserts there was no objective justification for the pedestrian stop or arrest. Indeed, while Ofc. Ladner states in his narrative that he observed the Plaintiff staggering while walking. The video footage at the time in question conclusively shows and establishes that the Plaintiff was not staggering or stumbling, and was loosened, coherent, and clear-minded. His speech was not slurred and was able to communicate clearly with Officer Ladner. The Plaintiff even consciously kept his hands in plain sight, ensuring both his and the officer's safety. These facts are exhibited in the video, which is the strongest evidence of the Plaintiff's condition, greatly outweighing the reliability of the contradictory statements made in Officer Ladner's arrest report and narrative, as the Fifth Circuit has ruled. Nevertheless, Officer Ladner unlawfully arrested the Plaintiff for

public drunkenness and said charges were ultimately dismissed because the charges did not meet the statutory requirements.

10.    Officer Lander unjustly deprived Plaintiff of his freedom and, because of his arrest, caused Plaintiff to lose his lucrative job and national security credentials. This unwarranted arrest continues to prevent him from obtaining work in the defense industry, the industry in which he has been employed since his retirement as a career Commissioned Officer in the United States Marine Corps. Furthermore, Ofc. Ladner's statement in his narrative that he arrested the Plaintiff for his own safety is disingenuous and is simply an attempt to justify an unjustifiable pedestrian stop. Again, the officers' video shows no danger regarding the Plaintiff's condition or road traffic. Therefore, there was no sufficient reason for the pedestrian stop or arrest as there were no material facts to make the officer rationally believe the Plaintiff was committing or about to commit an offense or that his safety was in jeopardy in any way, shape, or form. Hence, Plaintiff asserts that his constitutional rights were violated by Deputy C. Ladner in the Hancock County Sheriff's Department. There clearly was no justification or probable cause for the stop or arrest.

## THEORY OF LIABILITY

11.    As Under the specific circumstances described herein, Hancock County Sheriff's Department Deputy C. Ladner violated the Fourth and/or Fourteenth

Amendments to the United States Constitution as prohibited by *42 U.S.C. § 1983* resulting directly in the gross and grievous loss of freedom, mental suffering, loss of wages, and wage-earning capacity, among other damages to be established at trial. Furthermore, the policies, practices, procedures, habits, and customs of the Hancock County Sheriff's Department in allowing its officer to make unnecessary, unwarranted, and objectively unreasonable pedestrian stops clearly evidence a habit, pattern, and/or custom that evidences encouragement and/or approval and/or acquiescence and/or other similar actions or inactions by the Sheriff of Hancock County as to rise to the level of an approved policy by a policymaking official. The policies, practices, procedures, habits, and customs of Hancock County in allowing its officers to use unnecessary, unwarranted, and objectively unreasonable stops clearly evidence a habit, pattern, and/or custom that evidence encouragement and/or approval and/or acquiescence and/or other similar actions so as to rise to the level of an approved policy by a county policymaking official. These policies, procedures, practices, habits, and customs in allowing officers to make unnecessary, unwarranted, and objectively unreasonable stops clearly evidence a habit, custom, pattern, practice, or custom of "deliberate indifference" by the Defendants (elected or appointed officials) as to rise to the level of an approved policy by a policymaking official. The actions taken by Deputy C. Ladner were not in good faith, were objectively unreasonable, taken with deliberate indifference, and violated a clearly

~7~

established constitutional right that a reasonable officer would know. Therefore, he is not entitled to the individual protections afforded by the doctrine of Qualified Immunity.

## DAMAGES

12.     As a direct result of the above-referenced constitutional right violations, the Plaintiff has suffered humiliation and embarrassment, personal degradation, mental anguish, psychological disability, lost wages and loss of wage-earning capacity, fear and mistrust of law enforcement/authority, and other damages to be established at the trial of this matter.

## JURY DEMAND

13.     Plaintiff exercises his right to and requests a jury trial.

## PRAYER FOR RELIEF

14.     WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants for:

   a.   Compensatory damages for all past and future economic losses and expenses incurred by Plaintiff as a result of Defendants' misconduct;

   b.   General damages for all past and future mental suffering and emotional distress suffered by the Plaintiff;

   c.   Punitive damages to the extent permitted by law;

   d.   Costs incurred in this action and reasonable attorney fees under *42 U.S.C. §*

*1988*;

e.  Such other further specific and general relief to which Plaintiff may be

entitled under the law.

*RESPECTFULLY SUBMITTED*, this the 18th day of August, 2023.

PLAINTIFF, STEVE MORALES

BY:    _s/ *Benjamin U. Bowden*____
BENJAMIN U. BOWDEN (MSB 3733)
BEN BOWDEN, PC
BridgeWater Commons, Suite 204-B
8927 Lorraine Road
Gulfport, Mississippi 39503
Telephone: (228) 896-5652
Facsimile: (228) 896-5689
Email: bowden@benbowdenlaw.com
Cc:    srodgers@benbowdenlaw.com